# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID S.B., | Case No. CV 23-5485 RAO |
| Plaintiff, | |
| MARTIN J. O'MALLEY,[1] Commissioner of Social Security, | MEMORANDUM OPINION AND ORDER |
| Defendant. | |

**I.   INTRODUCTION**

Plaintiff David S.B.[2] ("Plaintiff") challenges the Commissioner's denial of supplemental security income ("SSI").  For the reasons stated below, the decision of the Commissioner is **REVERSED**, and the matter **REMANDED**.

///

///

///

///

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Martin J. O'Malley, the Commissioner of Social Security, is hereby substituted as the defendant.

[2] Partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

## II. BACKGROUND

On June 31, 2019, Plaintiff applied for SSI, alleging disability beginning January 1, 2002.[3] (AR 110, 291-300.) Plaintiff's application was denied on April 10, 2020, (AR 110), and upon reconsideration on July 2, 2020 (AR 126). On August 4, 2020, Plaintiff appealed the Commissioner's decision and requested a hearing before an Administrative Law Judge ("ALJ"). (AR 150-52.) The hearing took place on September 8, 2022. (*See* AR 35-64.)

On November 9, 2022, the ALJ issued an unfavorable decision. (AR 17-27.) At **step one**, the ALJ found Plaintiff had not engaged in substantial gainful activity since July 31, 2019. (AR 20.) At **step two**, the ALJ determined Plaintiff had multiple severe impairments: schizoaffective disorder and substance abuse. (AR 20.) At **step three**, the ALJ found Plaintiff did not have an impairment or combination of impairments that medically equals the severity of the impairments listed in 20 C.F.R. §§ 416.920(d), 416.925, and 416.926. (AR 21.) Before proceeding to step four, the ALJ assessed that Plaintiff had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, but with nonexertional limitations: He can perform only noncomplex, routine tasks; cannot perform work requiring public interaction or significant teamwork; cannot perform fast-paced work like rapid assembly or conveyor belt work; and cannot adapt to significant changes in a work routine. (AR 24.) At **step four**, the ALJ concluded Plaintiff had no past relevant work. (AR 26.) At **step five**, the ALJ determined there were no jobs in significant numbers in the national economy that Plaintiff, considering his age, education, work experience, and RFC, could perform. (*See id.*)

On May 11, 2023, the Appeals Council denied Plaintiff's request for review. (AR 1-6.) Plaintiff initiated this action challenging the Commissioner's decision on

---

[3] Plaintiff previously filed for and was denied SSI benefits on June 24, 2009. (AR 17; *see* AR 69-84.) Because neither party contests the ALJ's finding that the presumption of continuing nondisability does not apply, the Court does not address this. (*See* AR 19 (citing *Chavez v. Bowen*, 844 F.2d 691 (9th Cir. 1988).)

July 7, 2023.  (Dkt. No. 1.)  The parties filed their respective briefs for the Court's consideration.  (*See generally* Dkt. Nos. 15 ("Pl. Brief"), 18 ("Comm'r Brief"), 19 ("Pl. Reply").)

### III. <u>STANDARD OF REVIEW</u>

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits.  A court must affirm an ALJ's findings of fact if, when applied against proper legal standards, they are supported by substantial evidence.  *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001).  "Substantial evidence . . . is 'more than a mere scintilla[,]' . . . [which] means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Biestek v. Berryhill*, 587 U.S. __, 139 S.Ct. 1148, 1154, 203 L.Ed.2d 504 (2019) (citations omitted); *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017).  Substantial evidence is shown "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings."  *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998).  "[T]he Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. . . .  Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the Secretary's conclusion."  *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001) (citations and internal quotation marks omitted).  "However, the ALJ 'need not discuss *all* evidence presented'" to her, but "must only explain why 'significant probative evidence has been rejected.'"  *Hurn v. Berryhill*, No. 17-00884, 2018 WL 4026357, at *3 (W.D. Wash. Aug. 23, 2018) (citing *Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984)).

"'Where evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld."  *Ryan v. Comm'r of Soc. Sec.,* 528 F.3d 1194, 1198 (9th Cir. 2008) (citing *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005));

*see Robbins v. Soc. Sec. Admin.,* 466 F.3d 880, 882 (9th Cir. 2006) ("If the evidence can support either affirming or reversing the ALJ's conclusion, we may not substitute our judgment for that of the ALJ."). The Court may review only "the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which [s]he did not rely." *Orn v. Astrue,* 495 F.3d 625, 630 (9th Cir. 2007) (citing *Connett v. Barnhart,* 340 F.3d 871, 874 (9th Cir. 2003)).

## IV. DISCUSSION

Plaintiff contends the ALJ failed to properly (1) consider the severity of his physical impairments and (2) evaluate the opinion of Dr. Malia Dadestan. (*See generally* Pl. Brief.)

### a. Evaluation of Plaintiff's Physical Impairments at Step Two

Plaintiff contends the ALJ erred at step two in finding that his physical impairments of carpal tunnel syndrome, cubital tunnel syndrome and history of degenerative disc disease were not severe impairments. (Pl. Brief at 2-7.) Plaintiff points to medical records that demonstrate these physical impairments were documented for the minimum required continuous period of at least 12 months throughout the period at issue. (*Id.*) The Commissioner opposes Plaintiff's argument, noting that Plaintiff relies on his own subjective complaints during the relevant period. (Comm'r Brief at 2.) The Commissioner also points to the absence of evidence or medical opinions showing that any of these physical conditions, or any combination of them, significantly limited Plaintiff's ability to perform basic work activities for the relevant period. (*Id.* at 3.)

The Ninth Circuit recently issued an opinion regarding whether a medically determinable impairment is severe under step two of the familiar five-step sequential analysis used in social security cases. *Glanden v. Kijakazi*, 86 F.4th 838 (9th Cir. 2023). "Step two inquires whether the claimant had severe impairments during the period for which he seeks disability benefits. 20 C.F.R.

§ 404.1520(a)(4)(ii).  An impairment is severe if it 'significantly limits' an individual's 'ability to do basic work activities.'  20 C.F.R. § 404.1520(c)." *Id*. at 843.  "Each time we have reviewed an ALJ's step-two analysis, we have reiterated the corollary principles that claimants need only make a de minimis showing for the analysis to proceed past this step and that properly denying a claim at step two requires an unambiguous record showing only minimal limitations." *Id*. at 843-44.  "Our approach to reviewing an ALJ's denial of a claim at this preliminary stage remains constant and firmly in step with our sister circuits: once a claimant presents evidence of a severe impairment, an ALJ may find an impairment or combination of impairments 'not severe' at step two 'only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work.'" *Id*. at 844 (citing *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005); emphasis in original).  "If a claimant has submitted evidence of a severe impairment, we analyze an ALJ's step-two denial by asking 'whether the ALJ had substantial evidence to find that the medical evidence clearly established that [the claimant] did not have a medically severe impairment or combination of impairments.'" *Id*. at 844 (quoting *Webb*, 433 F.3d at 687).  "An inconclusive medical record precludes denial at this step." *Id*.

     A review of the administrative record shows that Plaintiff presented medical evidence establishing a diagnosis of carpal tunnel syndrome in October 2017.  (AR 409.)  With respect to the relevant period (i.e., from July 31, 2019, the date Plaintiff applied for benefits, through November 9, 2022, the date of the ALJ's decision), medical records show Plaintiff was seen in August 2019 for ongoing and worsening carpal tunnel symptoms and was referred for a nerve conduction study.  (AR 437-39.)  Medical records from February 2021 state that Plaintiff had an onset of carpal tunnel syndrome and cubital tunnel syndrome in March 2020 and document positive tests for both syndromes.  (AR 951-52.)  The same records state that since Plaintiff has already received an EMG nerve conduction study and has had chronic

symptoms of numbness and tingling, he is a surgical candidate because he is "heading toward chronic nerve damage." (AR 953.)

Based on its review of the record, the Court finds that Plaintiff has made the de minimis showing that his carpal tunnel syndrome and cubital tunnel syndrome were severe for purposes of step two. *See Glanden*, 86 F.4th at 843-44. Because the ALJ did not consider these physical impairments when formulating Plaintiff's RFC, the ALJ's error at step two was not harmless and remanded is warranted.[4]

### b. Evaluation of Dr. Dadestan's Opinion

Plaintiff next argues that the ALJ erred by not discussing Dr. Dadestan's medical opinion, thereby leaving no reasoning or explanation as to its persuasiveness. (Pl. Brief at 7-8.) The Commissioner contends that the musculoskeletal form Dr. Dadestan filled out does not constitute a medical opinion within the meaning of the social security regulations. (Comm'r Brief at 3-5 (citing 20 C.F.R. § 416.913(a)(2), (a)(2)(i)(A)).) The Court agrees with Plaintiff.

### i. Medical Opinion

Dr. Dadestan evaluated Plaintiff and completed a musculoskeletal form. She diagnosed Plaintiff as having severe elbow joint arthritis beginning in 2015. (AR 677-78.) As to Plaintiff's left elbow, Dr. Dadestan check-marked the "Flexion" and "Extension" boxes. Dr. Dadestan noted frequent tenderness in the left elbow but no paravertebral muscle spasms. She recorded no neurological abnormalities in sensation, reflex motor, or straight leg raise tests. She rated Plaintiff a five out of five, meaning he could engage in active movement against full resistance without fatigue (normal strength), and determined Plaintiff did not exhibit atrophy. (AR 677.) Dr. Dadestan recorded a limitation of the left arm when reaching for or pulling items. She did not find a fracture in Plaintiff's lower extremities nor

---

[4] Plaintiff does not cite to any evidence supporting his contention that his degenerative disc disease is a severe impairment. Accordingly, the Court finds no error in the ALJ's determination that this condition was not a severe impairment.

evidence of non-union on an x-ray.

Dr. Dadestan noted that Plaintiff's upper extremity limitations affected his ability to lift or carry with his free hand and that he experienced pain with lifting or carrying heavy items. She noted Plaintiff had participated in exercise regimens with minimal improvement. (AR 678.) Dr. Dadestan recorded Plaintiff's prognosis as likely having continued pain (long-term symptoms) and having trouble lifting objects because of elbow arthritis. (AR 679.)

### ii. Applicable Law

The revised regulations applicable to claims filed after March 27, 2017, narrowed the definition of "medical opinion." A medical opinion within the meaning of 20 C.F.R. § 416.913(a)(2)[5] encompasses both functional limitations and what a claimant is still capable of doing. *William A. v. Kijakazi*, No. 23-0274, 2023 WL 7751775, at *2 (C.D. Cal. Nov. 15, 2023); *Rodin v. Comm'r of Soc. Sec.*, No. 21-0900, 2023 WL 3293423, at *12 (E.D. Cal. May 5, 2023) ("[T]he revised regulations now more narrowly define as [medical opinion] a statement from a medical source about what a claimant can still do despite impairments, and whether the claimant is functionally restricted in the demands of work activities such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions."); *see Allen T. v. Comm'r of Soc. Sec.*, No. 20-1257, 2021 WL 1884956, at *4 (W.D. Wash. May 11, 2021) (finding that a form opinion describing the claimant's symptoms and limitations constituted medical opinion because the doctor opined the claimant could perform sedentary work and recommended claimant elevate his legs at work, thereby implicating his ability to sit, which is a

---

[5] Cases discussing 20 C.F.R. § 404.1513(a)(2) (disability insurance benefits), instead of 20 C.F.R. § 416.913(a)(2) (supplemental security income), are applicable here because the provisions are identical and courts have interpreted them as such. *See, e.g.*, *Gonzalez v. Colvin*, No. 13-1701, 2014 WL 3055732, at *2 n.2 (C.D. Cal. July 7, 2014) (noting that the provisions for disability insurance benefits are "parallel and virtually identical" to those governing supplemental security income).

functional workplace limitation). *Cf. Chanel T. v. Kijakazi*, No. 21-0751, 2022 WL 4647256, at *6-7 (C.D. Cal. Sept. 30, 2022) (concluding that equivocal recommendations for improvement do not constitute medical opinion because they are not findings of necessary functional limitations); *Jessie L. v. Kijakazi*, No. 20-9305, 2022 WL 2222964, at *14 (N.D. Cal. June 21, 2022) (finding that a psychologist's notes describing the effects of illicit drugs on the claimant's brain functioning, and claimant's drug abuse as an effort at self-medication to avoid the effects of chronic post-traumatic stress disorder, depression, and psychic pain; and recommending increased individual psychotherapy, continued medication, and participation in individual and group treatment for substance abuse, did not constitute medical opinion because the psychologist did not offer an opinion on the claimant's functional limitations). Courts "do not take an all-or-nothing approach." *Rodin*, 2023 WL 3293423, at *14. Instead, they extract portions of records that qualify as medical opinions from portions that may touch upon issues reserved for the Commissioner. *Id.*

### iii. Analysis

Here, portions of the musculoskeletal form completed by Dr. Dadestan constitute a medical opinion within the meaning of 20 C.F.R. § 416.913(a)(2) because her notes that Plaintiff has "limitation[s in] reaching for or pulling items," and will have "difficulty lifting objects due to elbow arthritis" denote what Plaintiff is still capable of performing and implicate functional limitations. (AR 677-78; Pl. Reply at 2); *see Christine M.R. v. Kijakazi*, No. 20-1690, 2021 WL 7285993, at *6 (C.D. Cal. Sept. 23, 2021) (doctor's evaluation and report "plainly express limitations on Plaintiff's ability to perform" work that meets revised rules of the definition of "medical opinion" pursuant to 20 C.F.R. § 416.913(a)(2)). Specifically, it is conceivable that Plaintiff may be restricted in what items he can or cannot lift in a workplace setting because of the limitations in reaching for or pulling items. *See Carrie D. v. Kijakazi*, No. 20-3227, 2022 WL 2901010, at *6

(E.D. Wash. June 6, 2022) (finding doctor's notes that Plaintiff needs to raise her legs while seated which may have corresponding workplace limitations falls within the definition of medical opinion as it relates to meeting the physical demands of work).

On this record, the Court concludes that Dr. Dadestan's completed musculoskeletal form is a medical opinion, the ALJ needed to have evaluated it for supportability and consistency, and, if he decided it was unpersuasive, he needed to specify why. *See William A.*, 2023 WL 7751775, at *2-3 (ALJ must explain ALJ's evaluation of supportability and consistency factors, among other factors, in weighing medical opinion); (Pl. Brief at 7-8).

The Commissioner's argument that Dr. Dadestan's opinion lacks specificity about Plaintiff's functional limitations is unpersuasive because, as explained above, Dr. Dadestan's notes implicate functional limitations in the workplace setting, thereby making his notes "medical opinion" within the meaning of the revised regulations. (*See* Comm'r Brief at 4.) For that reason, the "significant probative evidence" standard applicable to "other medical evidence" does not apply. (*Id.*); *see William A.*, 2023 WL 7751775, at *2. Additionally, the Commissioner's reliance on *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) is inapposite because the Court concludes that the musculoskeletal form is a medical opinion not evidence.

V. **REMAND FOR FURTHER ADMINISTRATIVE PROCEEDINGS**

The Court finds that remand for further administrative proceedings is appropriate, as further administrative review could remedy the ALJ's errors. *See Brown-Hunter*, 806 F.3d 487, 495 (9th Cir. 2015) (remanding for an award of benefits is appropriate in rare circumstances). On remand, the ALJ is directed to find Plaintiff's carpal tunnel syndrome and cubital tunnel syndrome are severe impairments and proceed through steps three to five. With respect to Dr. Dadestan,

the ALJ shall evaluate Dr. Dadestan's completed musculoskeletal form as a medical opinion, reassess Plaintiff's RFC, and then proceed through steps four and five to determine what work, if any, Plaintiff is capable of performing.

## VI. CONCLUSION

IT IS ORDERED that Judgment shall be entered **REVERSING** and **REMANDING** the decision of the Commissioner denying his application for SSI.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED: June 26, 2024

/s/
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

**NOTICE**
**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN WESTLAW, LEXIS/NEXIS, OR ANY OTHER LEGAL DATABASE.**